

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-11-2009

# Maurice Newsuan v. Levi

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-3657

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Maurice Newsuan v. Levi" (2009). *2009 Decisions.* Paper 1753.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1753

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-3657
_____

MAURICE NEWSUAN,
Appellant

v.

LEVI, Bureau of Prisons/CEO/Warden; TATUM, Assistant Warden;
R. JOHNSON, Lt. Mr.; HARRIS, Lt.; S. SPAULDING, Medical Dept. Mr.;
KNOX, Capt. Mr.; WILLIAMS, S.O.C. Mr.; WATSON, Correction Officer,
C/O Mr.; JOHNSON, C/O Mr.; CITY OF PHILADELPHIA
_____

Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Civil No. 07-cv-04203)
District Judge:  Honorable Anita B. Brody
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 23, 2009

Before: RENDELL, FUENTES and NYGAARD, Circuit Judges

(Filed: March 11, 2009)
_____

OPINION OF THE COURT
_____

PER CURIAM

Maurice Newsuan appeals pro se from the order of the District Court entering

summary judgment against him.  For the following reasons, we will affirm.

At all relevant times, Newsuan was a federal prisoner held in the Federal Detention Center in Philadelphia ("FDC"), but he has since been released. In October 2007, he filed a complaint against the FDC warden and certain FDC employees (collectively, the "FDC defendants") and the City of Philadelphia. According to Newsuan, a prison medical administrator failed to administer his medication on September 11, 2007, and he suffered seizures, sustained injuries and required hospitalization as a result. Newsuan also alleges that, on his return to FDC, he was placed in a cell that he calls the "hole," where an officer discovered him hanging from a rope two days later (though the incident report attached to his complaint states that he was standing on a chair when discovered).

The FDC defendants filed a motion to dismiss or, in the alternative, for summary judgment, arguing that Newsuan had failed to exhaust his administrative remedies before filing suit. The City of Philadelphia also filed a motion to dismiss on the grounds that the complaint stated no claim against it or its employees. Newsuan responded to these motions and filed numerous motions of his own, including a motion for the appointment of counsel. On March 7, 2008, the District Court granted that motion and directed the Clerk to appoint counsel. The court entered a further order on June 6, 2008, placing the case in civil suspense pending the appointment of counsel. The record does not reflect whether the Clerk's efforts to appoint counsel proved unsuccessful or were ongoing but, with no further discussion of that issue, the District Court granted the City of

Philadelphia's motion to dismiss by order entered July 15, 2008. It then granted the FDC

defendants' motion for summary judgment by an "Explanation and Order" entered on

July 23, 2008, and formally entered judgment by separate document on July 30, 2008.

Newsuan appeals from the July 30 order.[1]

## II.

In his brief, Newsuan merely repeats the factual allegations contained in his

complaint and raises no argument that the District Court erred, asserting instead that he is

unable to do so because he never received a copy of the District Court's opinion. As the

FDC defendants argue, however, Newsuan (who is no longer incarcerated) knew to

appeal from the District Court's July 30 entry of judgment and does not claim that

anything has prevented him from obtaining a copy of the opinion. Moreover, Newsuan

did not file a reply brief after being served with a copy of the opinion in the FDC

defendants' supplemental appendix (though we do not suggest that any arguments he may

have raised for the first time therein necessarily would have been properly before us, see

---

[1] We have jurisdiction pursuant to 28 U.S.C. § 1291. "We review the district court's entry of summary judgment de novo, viewing the evidence in the light most favorable to the nonmovant and giving the nonmovant the benefit of all reasonable inferences. When the movant has produced evidence in support of his motion, the nonmovants cannot rest on their pleadings, but must come forward with enough evidence to create a material issue of fact." Baker v. Monroe Twp., 50 F.3d 1186, 1190 (3d Cir. 1995) (citation omitted). Newsuan has not appealed the July 15 order dismissing his claims against the City of Philadelphia under Rule 12(b)(6), so that order is not before us. Nevertheless, we note our agreement with the District Court that Newsuan's allegations, which concern his treatment at a federal facility by federal employees, do not state a claim against the City of Philadelphia.

3

Ghana v. Holland, 226 F.3d 175, 180 (3d Cir. 2000)). At the very least, Newsuan could have raised the arguments he raised before the District Court. Thus, his mere assertion that he has not received a copy of the opinion does not relieve him of his obligation to raise arguments supporting his appeal, and we deem any such potential arguments waived. See id.

Nevertheless, we note that we perceive no error in the District Court's decision. Newsuan's complaint references the Americans with Disabilities Act, but we agree with the District Court that his claims are properly construed as arising under the Federal Tort Claims Act, 28 U.S.C. § 1346(b), and the United States Constitution.[2] The FDC defendants argued that Newsuan's claims are barred because he failed to exhaust his administrative remedies, and they attached an affidavit by a Department of Justice employee setting forth the Bureau of Prisons' ("BOP") administrative remedy procedures and the ways in which Newsuan failed to comply with them. The District Court, properly treating the motion as one for summary judgment, agreed. As the District Court explained, the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), contains a strict exhaustion requirement, which requires the proper exhaustion of claims. See Woodford v. Ngo, 548 U.S. 81, 84-85 (2006); Williams v. Beard, 482 F.3d 637, 639 (3d Cir. 2007). As the District Court also explained, although Newsuan filed a grievance with a BOP

_____

[2]The District Court mentioned 42 U.S.C. § 1983, but Newsuan's constitutional claims against the federal FDC defendants lie pursuant to Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971).

4

regional director, he failed to first pursue available remedies within the FDC itself and also failed to appeal the regional director's denial of his claim to BOP's general counsel. In his responses in the District Court, Newsuan never claimed to have taken these steps or otherwise disputed the accuracy of the FDC defendants' account. Accordingly, the District Court properly entered summary judgment against him. We will affirm.[3]

---

[3]We note that the proceedings below were somewhat irregular. The District Court granted Newsuan's motion for counsel and placed the action in civil suspense pending the appointment of counsel, but then issued its orders denying his claims without formally returning the case to the active docket or further discussing the appointment of counsel. The exhaustion issue is clear, however, and we are satisfied that Newsuan suffered no conceivable prejudice as a result of these circumstances (which he could have raised and argued whether he reviewed the District Court's opinion or not).

5